# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>One Samsung, model SM-G950U, cellular phone,<br>IMEI: #357754082031031; seized from Adrian<br>Giovanni GARCIA | )<br>)<br>) Case No.<br>)<br>) **19MJ2486**<br>) |

FILED
JUN 14 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Southern____ District of ____California____ *(identify the person or describe property to be searched and give its location)*: See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ____21____ U.S.C. § ____841____, and the application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Anthony Colon, Special Agent ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/14/2019

*Judge's signature*

City and state: San Diego, CA     Andrew G. Schopler, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Anthony Colon, being duly sworn, hereby state as follows:

## INTRODUCTION

1. This affidavit supports an application authorizing a search warrant for the following digital device, currently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in San Diego, California, seized from Adrian Giovanni GARCIA (hereinafter, GARCIA) on April 18, 2019 (more particularly described in Attachment A and incorporated herein):

   a. One Samsung, model SM-G950U, cellular phone, IMEI: #357754082031031; seized from GARCIA (SUBJECT DEVICE)

2. The evidence to be searched for and seized includes digital evidence from the SUBJECT DEVICE between April 18, 2019 and October 18, 2018, more specifically described in Attachment B, incorporated herein.

3. Based on the information below, there is probable cause to believe that SUBJECT DEVICE contains evidence of a crime or crimes, specifically, violations of Title 18, United States Code, Section 922(g)(3) – Unlawful User in Possession of a Firearm, Title 21, United States Code, Section 841(a)(1) - Narcotics- Manufacturing or Possessing with Intent to Distribute, Title 18, United States Code, Section 1071- Concealing Person from Arrest, Title 18, U.S.C., Sec. 924(c)(1) - Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Title 26, United States Code, Section 5861(d)- Possession of Unregistered National Firearms Act (NFA) Firearm (the SUBJECT OFFENSES).

## EXPERIENCE AND TRAINING

4. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, assigned to the San Diego, California Field Office. I have been employed as an ATF SA since January, 2018. I am a graduate of the Federal Law Enforcement Training Center's (FLETC) Criminal Investigator Training Program and the ATF National Academy's Special Agent Basic

1

Training course. As an ATF SA, I have received training in federal firearms laws and have been the affiant on search and arrest warrants for such violations, to include investigations on persons prohibited from possessing firearms. Prior to my employment with the ATF, I was employed as a Customs and Border Protection (CBP) Officer with the Department of Homeland Security for approximately five years at Miami International Airport in Miami, Florida. I received training for my role as a CBP Officer at FLETC's Officer Basic Training program. I also received training at the Miami-Dade Public Safety Training Institute through their Independent Police Academy program located in Miami, Florida.

5. The facts set forth herein are those that I believe are relevant to the limited purposes of this affidavit, namely, to establish probable cause for the requested warrant. The affidavit does not, therefore, include each and every fact that I or other law enforcement personnel may have learned in connection with this ongoing investigation. In the affidavit, all dates and times are approximate.

6. I have knowledge of the facts set forth below based on my review of the reports, recorded statements, and evidence collected in this case. I have also spoken with members of the United States Marshals Service San Diego Regional Fugitive Task Force that originally detained GARCIA. Additionally I have reviewed their reports of the same.

## FACTS SUPPORTING PROBABLE CAUSE

7. On the morning of April 18, 2019, members of the United States Marshals Service San Diego Regional Fugitive Task Force (FTF) conducted an arrest operation targeting wanted fugitive Jose Luis HERNANDEZ (hereinafter, HERNANDEZ). HERNANDEZ was wanted in the San Francisco area for absconding from state parole, attempted murder, armed robbery, and carjacking. It was believed that HERNANDEZ fled the San Francisco area and was staying at 3128 Martin Avenue, San Diego, CA 92113. Over the course of several days prior to the arrest operation, Task Force Officers (TFOs) surveilled the residence, where they observed an individual, later determined to be Adrian GARCIA, entering and exiting the residence utilizing a key, parking his vehicle in the driveway of the residence, and occupying the residence overnight. TFOs also observed a

1 Hispanic male matching HERNANDEZ's physical description entering and exiting the residence.

8. Continuing on April 18, 2019, at approximately 10:20 a.m., the individual (later confirmed as HERNANDEZ) exited the residence and approached the vehicle in the driveway. As he entered the passenger seat of the vehicle, members of the FTF approached and attempted to make contact with him. The HERNANDEZ exited the vehicle through the passenger window and proceeded to flee on foot but was ultimately apprehended by task force personnel.

9. Following the apprehension of HERNANDEZ, FTF members contacted GARCIA in the driveway of 3128 Martin Ave. GARCIA stated that he did in fact live at 3128 Martin Ave and that he was on probation status with a 4th waiver condition. A TFO probation officer on scene confirmed that GARCIA's 4th waiver condition was associated with a narcotics sales arrest and was still active. A subsequent search of the residence pursuant to the 4th waiver was conducted, resulting in the discovery of four firearms, ammunition, a suspected silencer, a box with approximately 80 containers of suspected THC products, approximately 1.4 pounds of suspected marijuana, and $16,189.01 in U.S. currency. During contact with GARCIA, TFOs seized the SUBJECT DEVICE from his person. GARCIA claimed ownership of the SUBJECT DEVICE and provided them with the passcode.

10. In a post-*Miranda* statement, GARCIA claimed ownership of all of the marijuana products and the U.S. currency. GARCIA denied ownership of the firearms, suspected silencer, and ammunition. GARCIA also stated that he smoked approximately one ounce of marijuana daily. GARCIA mentioned that HERNANDEZ was his cousin and that he showed up to the house a few days prior.

11. A review of GARCIA's criminal history revealed prior arrests for possession of marijuana for sale, as well as a firearm restriction while on probation status. GARCIA's probation status is in effect until September 14, 2019.

12. Based upon my training and experience as an SA, and consultations with law enforcement officers experienced in firearms and controlled substance investigations, I am aware that it is common for individuals involved in illegal acquisition and possession of firearms, as well as the sale of narcotics, to use cellular telephones, computers, tablets, and personal digital assistants (collectively Digital Devices). Digital Devices enable these individuals to maintain contact with those responsible for illegally supplying them with firearms. These devices also provide individuals with the ability to negotiate and coordinate the distribution of illegal narcotics through phone calls, text messages, emails, and other digital communications. Therefore, Digital Devices often contain indicia of the identity of the individual and/or his/her associates, as well as their criminal activity, to include but not limited to, call logs, voicemail messages, text messages, electronic messages (e-mail), photographs, videos, address books, contact lists, calendars, notes, and ledgers. Additionally, individuals often utilize Digital Devices with photograph and video capabilities to take photographs and videos of their firearms and illegal narcotics, as well as the use and possession of the two.

13. Based upon my training and experience as an SA, and consultations with law enforcement officers experienced in fugitive investigations, I am also aware that it is common for individuals involved in evading arrest to use Digital Devices to contact sympathetic friends and family in order to arrange housing, transport, and other necessary support to further their evasion from law enforcement.

14. Accordingly, based upon my experience and training, consultation with other law enforcement officers experienced in firearms and controlled substance investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to GARCIA's involvement in the SUBJECT OFFENSES, such as telephone numbers, made and received calls, contact names, electronic mail (e-mail) addresses, appointment dates, messages, videos, pictures and other digital information, are stored in the SUBJECT DEVICE.

15.

4

Case 3:19-mj-02486-AGS Document 1 Filed 06/14/19 PageID.6 Page 6 of 10

## PROCEDURES FOR ELECTRONICALLY STORED INFORMATION

16. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

17. Following the issuance of this warrant, I will collect the subject cellular telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

18. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the

5

identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

## GENUINE RISKS OF DESTRUCTION

19. Based upon my experience and training, and the experience and training of other agents with whom I have communicated, electronically stored data can be permanently deleted or modified by users possessing basic computer skills. In this case, only if the subject receives advance warning of the execution of this warrant, will there be a genuine risk of destruction of evidence.

## PRIOR ATTEMPTS TO OBTAIN INFORMATION

20. The United States has not attempted to obtain this information by other means.

## CONCLUSION

21. Based on my training and experience, and the foregoing facts, I believe there is probable cause to believe the items listed above, as described in ATTACHMENT B, which are the fruits, instrumentalities, and evidence of the SUBJECT OFFENSES, will be found in the SUBJECT DEVICE, as described in ATTACHMENT A.

Anthony Colon, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to and subscribed before me this 14th day of June, 2019.

HONORABLE ANDREW G. SCHOPLER
United States Magistrate Judge

6

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

The following property is to be searched:

(SUBJECT DEVICE) One Samsung Galaxy S8, Model SM-G950U, IMEI: 357754082031031; seized from GARCIA

The SUBJECT DEVICE is currently in the possession of the Bureau of Alcohol, Tobacco, Firearms, and Explosives at the San Diego, CA Field Office.

## **ATTACHMENT B**

### ITEMS TO BE SEIZED

The following fruits, instrumentalities, and evidence of crimes between April 18, 2019 and October 18, 2018, to be searched for and seized pertains to violations of Title 18, United States Code, Section 922(g)(3) – Unlawful User in Possession of a Firearm, Title 21, United States Code, Section 841(a)(1) - Narcotics- Manufacturing or Possessing with Intent to Distribute, Title 18, United States Code, Section 1071- Concealing Person from Arrest, Title 18, U.S.C., Sec. 924(c)(1) - Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Title 26, United States Code, Section 5861(d)- Possession of Unregistered National Firearms Act (NFA) Firearm:

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data between April 18, 2019 and October 18, 2018:

    a. tending to indicate efforts to illegally acquire and possess firearms and unregistered NFA firearms, and/or illegally acquire and distribute controlled substances, and/or assist Jose Luis HERNANDEZ with evading arrest;

    b. tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate the illegal acquisition and possession of firearms and unregistered NFA firearms, and/or the illegal acquisition and distribution of controlled substances, and/or assist Jose Luis HERNANDEZ with evading arrest;

    c. tending to identify co-conspirators, criminal associates, sources, or others involved in the illegal acquisition and possession of firearms and unregistered NFA firearms, and/or illegal acquisition and distribution of controlled substances, and/or assist Jose Luis HERNANDEZ with evading arrest;

    d. tending to identify travel to or presence at locations involved in the illegal acquisition and possession of firearms and unregistered NFA firearms, and/or illegal acquisition and distribution of controlled substances, and/or assist Jose Luis HERNANDEZ with evading arrest;

    e. tending to indicate knowledge of Jose Luis HERNANDEZ's status as a wanted fugitive;

f. tending to identify the user of, or persons with control over or access to, the SUBJECT DEVICE; and/or

g. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.